IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MARIA VARELA-BURCIAGA,

     Plaintiff,

v.                                          1:18-cv-01003-JHR-KK

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

     Defendants.

## MEMORANDUM OPINION AND ORDER[1]

THIS MATTER comes before the Court on *Plaintiff's Motion for Remand* [Doc. 7]. The

Court, having considered the submissions, the relevant law, and being otherwise fully advised in

the premises finds that the Motion is well taken and should be granted.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an October 6, 2016 automobile accident involving Plaintiff and

Christopher Lucero. [Doc. 1, p. 9]. At the relevant time, Plaintiff was insured by Defendant State

Farm Mutual Automobile Insurance Company (State Farm). [Doc. 1, p. 9]. On December 28, 2017,

Plaintiff filed her First Amended Complaint in the Second Judicial District Court in Bernalillo

County New Mexico, seeking compensatory damages against Mr. Lucero, whom she alleged

negligently caused the accident. [Doc. 1, pp. 8-14]. As to State Farm, Plaintiff alleged breach of

contract and sought reformation of her auto insurance policies to include uninsured/underinsured

motorist coverage. [Doc. 1, pp. 10-13]. In her Complaint, Plaintiff did not quantify the damages

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter judgment in this case. [Doc. 3; Doc. 10; Doc. 11].

sought; nor did she identify the number of policies she sought to have reformed to include uninsured/underinsured motorist coverage. [Doc. 1, pp. 10-13].

Plaintiff settled her claims with Mr. Lucero and the parties stipulated to his dismissal from the case. [Doc. 1, pp. 16-20]. Once the claims against Mr. Lucero, who was a nondiverse party, were dismissed State Farm filed its Notice of Removal. [Doc. 1, p. 2]. Plaintiff filed her Motion to Remand on November 16, 2018, arguing that remand is appropriate because the requisite jurisdictional amount in controversy is not satisfied. [Doc. 7, pp. 3-7].

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may seek dismissal of a lawsuit for lack of subject matter jurisdiction. "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995)). Where a Rule 12(b)(1) motion constitutes a facial attack on the allegation of subject matter jurisdiction contained in the complaint, courts presume all of the factual allegations contained in the complaint to be true. *Id.* On the other hand, where a party attacks the facts themselves, "a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (citing *Holt*, 46 F.3d at 1003).

## III.   ANALYSIS

### A.  The Law Governing Removal

Pursuant to 28 U.S.C. 1441(a), a defendant may remove a state civil action "to the district court of the United States for the district and division embracing the place where such action is

pending," if the federal district court has original jurisdiction over the matter. Given the federal court's role as a limited tribunal, there is a presumption against removal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (*abrogated on other grounds by Dart Cherokee Basin Operation Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014)). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal quotation marks and citations omitted). As a result, "[t]he removing party bears the burden of establishing the requirements for federal jurisdiction." *Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1198 (D.N.M. 2012) (internal quotation marks and citations omitted).

Generally, "if federal subject-matter jurisdiction over a removed case is doubtful, the case should be remanded to state court." 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3739 (4th ed. 2009). In the Tenth Circuit, where the removing party's argument is premised on a factual issue, "the issue must be capable of summary determination and be proven with complete certainty." *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)); *see Fairchild v. Progressive Direct Ins. Co.*, No. CV 13-0911 KBM/LFG, 2013 WL 11327114, at *5 (D.N.M. Dec. 20, 2013). Indeed, a court may not "pre-try, as a matter of course, doubtful issues of fact to determine removability[.]" *Smoot*, 378 F.2d at 882 (internal quotation marks and citation omitted). It follows that "[w]hen a federal court is faced with disputed issues on removal, it must resolve those issues in favor of remand." *Caldwell-Baker Corp. v. Burlington N. Ry. Co.*, No. CIV.A. 96-2173-GTV, 1996 WL 439297, at *3 (D. Kan. July 9, 1996) (internal citations omitted).

### 1. Amount in Controversy

Under 28 U.S.C. § 1332(a), the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value or $75,000, exclusive of interests and casts, and is between ... citizens of different states...." While the question of the matter in controversy is determined by federal law, federal courts "look to state law to determine the nature and extent of the right to be enforced in a diversity case." *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 352 (1961). In reviewing a court's decision regarding jurisdiction, however, "[o]rdinarily, remand orders '[are] not reviewable on appeal or otherwise.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552 (2014) (quoting 28 U.S.C. § 1447(d)).

Typically, when a case is removed based on diversity jurisdiction under 28 U.S.C. section 1332(a), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 554.

Where the plaintiff disputes that the amount demanded in its complaint exceeds $75,000, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 553-54. When this is the case:

> The proponent of federal jurisdiction must prove contested *facts;* and because a defendant has no control over the complaint, he cannot put a large sum of money in controversy simply by demanding it, as a plaintiff often can. But once those underlying facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is "legally certain" that less than $75,000 is at stake. If the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case.

*McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (emphasis in original).

A defendant seeking removal may rely on the estimate of potential damages listed in the complaint, as well as "contentions, interrogatories or admissions in state court ... by reference to the plaintiff's informal estimates or settlement demands ... or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demand." *Id.* at 954-55. "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal," even though the numerical value might not be listed in the complaint itself. *Id.* at 955-56.

**B. State Farm Has Not Demonstrated That the Amount in Controversy is Met**

State Farm's Notice of Removal contains a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 554. In the Notice of Removal, State Farm alleged that Plaintiff had taken the position that a total of four automobile policies should be reformed to include New Mexico's statutory minimum for uninsured/underinsured motorist coverage (and stacked). [Doc. 1, p. 4]. *See* NMSA 1978, § 66-5-215(A)(1) (1983) ("Judgments herein referred to shall, for the purpose of the Mandatory Financial Responsibility Act only, be deemed satisfied when…twenty-five thousand dollars ($25,000) has been credited upon any judgment or judgments rendered in excess of that amount because of bodily injury to or death of one person as the result of any one accident"); NMSA 1978, § 66-5-301(A) (1983) ("No motor vehicle or automobile liability policy…shall be delivered or issued for delivery in New Mexico…unless coverage is provided therein or supplemental thereto in minimum limits…as set forth in Section 66-5-215 NMSA 1978…for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles."). Thus, according to State Farm, the amount in controversy could

exceed $100,000, after considering the damages sought in Plaintiff's Complaint and any possible attorneys' fees award. [Doc. 1, p. 2; Doc. 14, pp. 2-6].

In her Motion for Remand, Plaintiff suggests that there were four policies in place at the time of the subject accident which should be reformed to include uninsured/underinsured motorist coverage at the statutory minimum of $25,000 per policy and stacked for a total of $100,000 of uninsured/underinsured motorist coverage. [Doc. 7, pp. 2-3, 5-6]. However, Plaintiff contends that this amount is reduced by a $25,000 offset based on the settlement she received from Mr. Lucero prior to his dismissal from the state court proceedings. [*Id.*, pp. 4-5]. According to Plaintiff, this places the amount in controversy at $75,000, which is insufficient to meet the jurisdictional requirement. [*Id.*]. Plaintiff further states that she is not seeking compensatory damages from State Farm, as the compensatory damages sought in her Complaint were satisfied by her settlement with Mr. Lucero. [*Id.*]. The sole remedy she seeks as to State Farm is the reformation of the policies in effect at the relevant time. [*Id.*, pp. 6-7].

Because Plaintiff disputes the amount in controversy, the Court considers the evidence provided by the parties and "decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 553-54. The burden rests on the proponent of federal jurisdiction, in this case State Farm, to "prove contested facts" to establish the amount in controversy. *Id.* The dispute with respect to the amount in controversy in the present case involves: (1) a question as to the number of automobile insurance policies that were in effect at the time of the subject accident which could be reformed to include $25,000 of uninsured/underinsured motorist coverage should plaintiff prevail on the theory that her rejection of such coverage was invalid, and (2) a question as to whether Plaintiff is seeking damages for medical expenses, pain and suffering, and attorneys' fees.

In her Motion, Plaintiff suggests that there could be as many as four policies that should be reformed to include uninsured/underinsured motorist coverage. [Doc. 7, pp. 4-5]. In support of this contention, Plaintiff submitted policy information for the four State Farm polices at issue. [*Id.*, pp. 7-17]. Based on the policy information provided, it affirmatively appears that two of the policies at issue were in effect at the relevant time. [*Id.*]. The information provided with the original briefing concerning the other two policies does not indicate the time period for which those policies were in effect. [*Id.*]. Plaintiff argues that even if all four policies were in effect at the time of the subject accident, and all four policies were reformed to provide $25,000 in uninsured/underinsured motorist coverage, the total additional coverage sought would be $100,000. [Doc. 7, p. 6]. This amount would then be offset by the $25,000 Plaintiff received as a result of her settlement with Mr. Lucero. *See Am. States Ins. Co. v. Frost*, 1990-NMSC-065, ¶ 6 (recognizing that under Section 66-5-301, "an insured may recover his uninsured/underinsured coverage less all liability insurance proceeds received from concurrent tortfeasors."). Therefore, according to Plaintiff the most she could recover would be $75,000, which does not satisfy the jurisdictional requirement since it does not *exceed* $75,000. *See* 28 U.S.C. § 1332(a).

In its Response, State Farm disputes that all four policies were in effect at the relevant time but contends that even if they were, Plaintiff may be entitled to a statutory award of attorneys' fees, which in addition to the $75,000 Plaintiff argues she may be entitled to, would satisfy the jurisdictional requirement. [Doc. 14. pp. 5-6]; NMSA 1978, Section 39-2-1 (1977) ("In any action where an insured prevails against an insurer who has not paid a claim on any type of first party coverage, the insured person may be awarded reasonable attorney's fees and costs of the action upon a finding by the court that the insurer acted unreasonably in failing to pay the claim.").

On March 20, 2019, after briefing on Plaintiff's Motion was complete, she filed a *Supplement to Plaintiff's Motion for Remand* [Doc. 19] advising the Court that, since the completion of briefing, she was able to verify that only two State Farm policies were in effect at the time of the subject accident. [Doc. 18]. Accordingly, the remedy Plaintiff seeks is reformation of the two applicable State Farm policies to include uninsured/underinsured motorist coverage in the amount of $25,000 per policy, for a total of $50,000 in additional coverage. [Doc. 7. pp. 4-5; Doc. 19, 2-3]. With the $25,000 offset, which reflects the $25,000 Plaintiff received through her settlement with Mr. Lucero, Plaintiff now claims to seek only $25,000 of additional coverage. [*Id.*].

Notably, State Farm does not contend that there were more than two policies in effect at the relevant time, or that Plaintiff could obtain more than $25,000 in additional coverage after the offset. [*See generally* Doc. 14; Doc. 21]. Rather, State Farm argues that Plaintiff is seeking damages for medical expenses and pain and suffering, which, added to the additional coverage sought and the possible statutory award of attorneys' fees, satisfy the amount in controversy requirement. [Doc. 21, pp. 1-2]. In support of this argument, State Farm provides a demand letter, dated February 22, 2019, in which Plaintiff demands that State Farm "tender the sum of $25,000 as [uninsured/underinsured motorist] benefits payable in this case." [*Id.*, p. 7]. However, Plaintiff's demand appears only to confirm that she is seeking $25,000 in additional uninsured/underinsured motorist coverage. [*Id.*]. And while courts have held that the possibility of a statutory award of attorneys' fees in addition to an amount of controversy of $75,000 is sufficient to satisfy the jurisdictional requirement, those decisions do not inform the Court's analysis here, where the amount in controversy before a potential attorneys' fees award is only $25,000. Accordingly, the Court finds that State Farm has not met its burden to demonstrate by a preponderance of the

8

evidence, that the amount in controversy exceeds $75,000. *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 553-54.

To the extent that State Farm requests the opportunity to conduct discovery relative to the amount in controversy, the Court finds that the admissions State Farm seeks with respect to the damages sought by Plaintiff have been addressed in Plaintiff's briefing on the instant Motion. [Doc. 17, pp. 3-4]. Accordingly, the discovery sought will not assist State Farm in meeting its burden to prove contested facts as to the amount in controversy. *See Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 553-54.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand is GRANTED. This case is therefore remanded to the Second Judicial District Court of New Mexico.

IT IS SO ORDERED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent